Citation Nr: 1452657 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 07-06 636A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for a left eye disability.

2. Entitlement to service connection for a stomach disability.

3. Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD) and depression, to include as secondary to the Veteran's service-connected disabilities. 

4. Entitlement to service connection for residuals of removal of a lump in the neck.

5. Entitlement to an initial, compensable rating for bilateral hearing loss prior to November 6, 2013, and in excess of 20 percent thereafter. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

A. Lindio, Counsel


INTRODUCTION

The Veteran had active military service from June 1966 to May 1968 and from September 1972 to January 1974. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from November 2005, February 2008 and April 2009 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

In January 2010, the Veteran testified at a hearing before a Decision Review Officer; in May 2011, he and his wife testified before the undersigned Acting Veterans Law Judge. Transcripts of both hearings have been associated with the claims file. In September 2013, the Board remanded this matter for further development.

In a July 2014 rating decision, the Agency of Original Jurisdiction (AOJ) granted service connection for asthma (claimed as exposure to asbestos), degenerative disc disease of the lumbar spine (claimed as low back pain), radiculopathy of each lower extremity, degenerative joint disease and subluxation of the left knee (claimed as bilateral leg condition), and limitation of motion of the left thumb, index finger, long finger, and ring and little fingers (claimed as left hand condition). As this was a full grant of the benefits sought on appeal, these matters are no longer in appellate status.

In July 2014, the AOJ also granted a 20 percent disability rating for bilateral hearing loss, effective November 6, 2013. However, inasmuch as a higher rating is available and the Veteran is presumed to seek the maximum available benefit for a disability, the Board has now characterized the appeal pertaining to bilateral hearing loss as encompassing the matters set forth on the title page. See Fenderson v. West, 12 Vet. App. 119, 126 (1999); AB v. Brown, 6 Vet. App. 35, 38 (1993).

The Board observes that the July 2014 rating code sheet indicated that service connection for major depressive disorder as being associated with the Veteran's service-connected degenerative disc disease of the lumbar spine was also granted. However, this matter was not adjudicated in the narrative section of the rating decision nor addressed in the July 2014 award letter. As such, this issue has continued to be listed on the front page of this decision and is being returned for clarification. 

As a final preliminary matter, the Board observes that this appeal was processed using the Virtual VA and Veterans Benefit Management System (VBMS) paperless claims processing systems. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159 (2014).

Initially, a September 24, 2013 VA medical record documents that the Veteran reported that he was getting Social Security Administration (SSA) benefits now. As such, a remand is necessary in order to obtain any determination pertinent to the Veteran's claim for SSA benefits, as well as any medical records relied upon concerning that claim. See Murincsak v. Derwinski, 2 Vet. App. 363, 369-70 (1992) (where VA has actual notice of the existence of records held by SSA which appear relevant to a pending claim, VA has a duty to assist by requesting those records from SSA).

As to the left eye disability claim, the Board remanded this claim to afford the Veteran a VA examination. The Veteran was afforded a VA examiner in November 2013. The examiner diagnosed the Veteran with blepharitis of the left eye and bilateral pinguecula. The examiner opined that the claimed condition was less likely than not incurred in or caused by the in-service injury, event or illness. The examiner rationalized that the Veteran did not have a visible spot present on the outside of his eyes, but did have blephartis, which may be contributing to his red eyes. In an August 2014 addendum, he added that he could not state when the Veteran's mild blepharitis started, but that a 1972 examination showed only a pinguecula and refractive error, and blepharitis usually does not cause eye pain. Unfortunately, the VA examiner did not provide an opinion on whether the Veteran's pinguecula was etiologically related to service. Furthermore, the medical opinion was inadequate, as the examiner did not explain why he could not reach an opinion as to the Veteran's blephartis. Thus, an additional medical opinion is necessary. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

Furthermore, as noted above, it is unclear from the record whether the Veteran has been awarded service connection for major depressive disorder. Again, the July 2014 rating code sheet indicates that the Veteran has been awarded service connection for this disability and the AOJ did not address this disability in the most recent supplemental statement of the case (SSOC) issued in September 2014. However, the July 2014 narrative section of the rating decision and the award letter failed to address this issue. As such, this matter must be returned to the AOJ for clarification as to whether service connection has been awarded for this disability. If so, the AOJ must properly effectuate this determination; or in the alternative, issue a SSOC adjudicating this matter. 

As to the claim for residuals from the removal of a lump on the neck, this matter was also remanded to afford the Veteran a VA examination. The November 2013 VA examiner diagnosed the Veteran with a scar on the neck. However, the examiner did not provide a medical opinion as to the etiology of that scar. In an August 2014 addendum, the VA examiner found that the Veteran's chemical exposure had been in the early 1970s, but that the lump was removed in the 1990's and that "[w]ith that much time between the two, the lump was less likely than not related to chemical exposure." However, the Veteran has also claimed that his lump began during service, which was not addressed by the examiner. (May 2011 Board hearing). An examiner may not ignore that lay evidence and base his opinion that there is no relationship to service on the absence of in-service corroborating medical records. Dalton v. Nicholson, 21 Vet. App. 23, 39-40 (2007). As such, a new VA medical opinion is necessary to provide an adequate opinion.

Moreover, as observed in the prior Board remand, the Veteran has also asserted that the lump removed from his neck was associated with his upper respiratory disabilities. As noted above, the Veteran has been awarded service connection for asthma. As such, an opinion is necessary as to whether the lump removal was proximately due to or aggravated by his service-connected asthma. See 38 C.F.R. § 3.310; Allen v. Brown, 7 Vet. App. 439 (1995).

Lastly, any additional VA treatment records, including those dated from September 2014 to the present, should be obtained. 38 C.F.R. § 3.159(c)(2); Bell v. Derwinski, 2 Vet. App. 611 (1992). 

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should contact the SSA and obtain any administrative decisions and all medical records used in adjudicating the Veteran's award of disability benefits. All reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e). If there are no such records, that finding should be documented in the claims file. 

2. The AOJ should obtain all outstanding VA treatment records from all applicable VA medical centers, including those dated from September 2014 to the present. All reasonable attempts should be made to obtain such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

3. After all records and/or responses received have been associated with the claims file, return the claims file to the November 2013 VA examiner for the LEFT EYE CLAIM. The claims file and a full copy of this REMAND must be made available to the examiner. The examiner shall note in the examination report that the claims folder and the Remand have been reviewed. If the November 2013 VA examiner is not available, the claims file should be provided to an appropriate medical clinician to render the requested opinions. The need for an additional examination of the Veteran is left to the discretion of the clinician selected to write the addendum opinion. 

Following a review of the claims file, to specifically include all newly associated medical evidence, the VA medical opinion provider should offer an opinion on the following:

(a) Clearly delineate all disorders of the left eye.

(b) With respect to each diagnosed disorder, is it at least as likely as not that it is related to the Veteran's active service? 

In proffering this opinion, the examiner should also specifically consider the Veteran's report of (i) eye trauma, (ii) a black dot, (iii) eye pain and (iv) eye teariness. (May 2011 Board hearing, December 2005 Notice of Disagreement). The fact that such reports may not have been recorded in the service treatment records is not determinative. A determination on the credibility of the Veteran's reports has not been made.

The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it.

The VA medical opinion provider should clearly explain how he/she reached his/her answers to EACH question posed above. He/she is directed to reconcile his or her opinions with any on file that may conflict, and to consider all pertinent medical evidence of record.

4. After all records and/or responses received have been associated with the claims file, return the claims file to the November 2013 VA examiner for RESIDUALS FROM A NECK LUMP REMOVAL CLAIM. The claims file and a full copy of this REMAND must be made available to the examiner. The examiner shall note in the examination report that the claims folder and the Remand have been reviewed. If the November 2013 VA examiner is not available, the claims file should be provided to an appropriate medical clinician to render the requested opinions. The need for an additional examination of the Veteran is left to the discretion of the clinician selected to write the addendum opinion. 

Following a review of the claims file, to specifically include all newly associated medical evidence, the VA medical opinion provider should offer an opinion on the following:

(a) Clearly delineate all residuals of the left lump removal from the neck. 

(b) With respect to each diagnosed residual, is it at least as likely as not that it is; a) related to the Veteran's active service; b) proximately due to, or caused by, the Veteran's service-connected asthma; or c) has been aggravated by the Veteran's service-connected asthma. For any aggravation found, the examiner should state, to the best of their ability, the baseline of symptomatology and the amount, quantified if possible, of aggravation beyond the baseline symptomatology by the aggravation.

In proffering the opinion, the examiner should also specifically consider the Veteran's claim that his lump developed in service and continued to grow during that time. (May 2011 Board hearing). The fact that such reports may not have been recorded in the service treatment records is not determinative. A determination on the credibility of the Veteran's reports has not been made.

The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it.

The VA medical opinion provider should clearly explain how he/she reached his/her answers to EACH question posed above. He/she is directed to reconcile his or her opinions with any on file that may conflict, and to consider all pertinent medical evidence of record.

5. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claims should be readjudicated based on the entirety of the evidence. The AOJ should clarify whether the Veteran has been awarded service connection for major depressive disorder, and if so properly effectuate this award. If the claims remain denied, the Veteran should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response. Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).


_________________________________________________
J.N. MOATS
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).